## Dick Marsden v. The State.

### No. 3667.   Decided June 24, 1908.

**1.—Local Option—Continuance.**

Where upon trial for a violation of the local option law defendant made application for continuance for a witness who had been duly subpœnaed and by whom he expected to prove that the prosecuting witness through defendant had ordered the beer from said witness; and the prosecuting witness upon trial swore that he purchased the beer as uno from defendant, held that the court should have granted a continuance or new trial.

**2.—Same—Charge of Court—Sale—Payment.**

Upon trial of a violation of the local option law where the question was whether defendant sold the alleged beer direct to the prosecuting witness or whether he had ordered the same for him, a charge of the court which made the question of sale depend upon the time of the payment for said beer, was reversible error.

Appeal from the County Court of McCulloch.   Tried below before the Hon. C. A. Wright.

Appeal from a conviction of a violation of the local option law; penalty, fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Lon Jones* and *Shropshire & Hughes,* for appellant.   On question of sale:   Strickland v. State, 47 S. W. Rep., 720; Johnson v. State, 55 S. W. Rep., 968; Ladwig v. State, 40 Texas Crim. Rep., 585; 51 S. W. Rep., 390; Vanarsdale v. State, 35 Texas Crim. Rep., 588.

*F. J. McCord,* Assistant Attorney-General, and *Jno. E. Brown,* County Attorney, for the State.

DAVIDSON, Presiding Judge.—This conviction was for a violation of the local option law.   D. J. Wood, testifying for the State, says that on March 23, 1907, he went to appellant's place of business in Brady and told him he wanted a cask of "stuff" to take out fishing; that appellant told him all right, and three or four days later on Sunday morning, he went to appellant's place of business, got the cask, put it on his hack and took it off to the river where he and others were fishing, and during the fishing excursion drank it; that it was intoxicating and labeled "Milwaukee Best Beer"; that he was familiar with the taste and effect of beer; that it was intoxicating.   He further testified that he did not sign an order for the beer or anything else at the time of the transaction at defendant's place of business or at any other time; that he did sign a receipt for one cask of "uno" when he got it, the receipt being in duplicate, one copy of which he retained and the other was left with appellant.   That the receipt was as follows:   "Received of Dick Marsden one cask of Uno."   That witness did not know what had become of the receipt retained by him; that it had been lost or destroyed by him

soon after its receipt; that he knew that it was a receipt and not an order; that he testified before the grand jury in this cause and had told the grand jury that this sale took place about April 1st; that he subsequently remembered that the sale took place on March 23rd, because he had gone fishing about a week and returned to his place of business the day before the 1st of April, 1907. That witness paid appellant $12 for this beer some time after he got the beer; that his feelings towards appellant were unkind. Virgil Jones testified that he was with the fishing party and that he drank several bottles of beer involvel in this prosecution; that it was intoxicating. P. I. Wood· testified for appellant substantially that about a week before the boys went on a fishing trip in March he was in appellant's place of business talking to him when D. J. Wood came and stated to appellant that he was going fishing and wanted some "Good Stuff"; that at the time appellant told Wood he could not sell it to him but would have to order it for him; that he, witness, then walked away and did not hear the balance of the conversation between the parties. Appellant testified in his own behalf that in the early part of the week before witness Wood went on his fishing excursion he came to appellant and wanted to buy some beer to take with him on the trip the following Sunday. Appellant informed Wood he could not sell him beer but could and would order it for him in time for the trip; that to this arrangement Wood assented and at the time appellant made out an order for the cask of beer, addressed to L. A. Freed of San Antonio, Texas, giving at the same time an exact copy of the order to witness Wood; that the order was signed by Wood and directed Freed to ship the beer to D. J. Wood at Brady, Texas, that was an order for a cask of beer; that Freed was agent for the Milwaukee Brewing Association, and appellant was acting as sub-agent of said company at Brady, Texas; that he forwarded the order retained by him to Freed and turned the copy over to prosecuting witness D. J. Wood; that Freed had promised to be present at the trial with the original order to testify in the case and that he, appellant then had a copy of the original order made and sent to him by Freed which copy he offered in evidence, but it was rejected on objection by the county attorney; that Freed had said by letter and verbal conversation with appellant since this prosecution, that he, Freed, would not part with the original order, because he had to retain it for his own protection. He further testified that he sent the order to Freed, got the beer for the witness Wood in time for his fishing excursion and that the beer came addressed to Wood, care of appellant and he delivered it to Wood; that Freed had been duly subpœnaed to attend trial and not only so, but had promised appellant personally and by letter to be present at the trial with the original order and exhibit it at the trial; .that he had received such letter from Freed a few days prior to the trial and had no idea why he was not present; that the beer came by freight to appellant; that this cask did not come in a shipment to itself but appellant had a number of orders at the time and got others making in all 120 casks, which came in a

car to itself; that the car was billed to appellant and this particular cask came addressed to Wood as above stated. The subpœna served on Freed was also introduced in evidence showing that it was issued on June 21st, received by the sheriff at San Antonio on June 24th and served on June 29th and filed by the county clerk at Brady on July 3rd. W. L. Jones testified in substance that soon after appellant was indicted he came to employ him to represent him as his attorney; that he instructed appellant to get the original order of witness Wood by which the beer was ordered; that appellant came to him shortly afterwards and showed him the letter from Freed at San Antonio in which Freed stated that he could not send the original order signed by Wood as requested by appellant, because he, Freed, had to retain it for his own protection, but in the same letter Freed inclosed a purported copy of the order signed by the witness Wood; that he, Jones read the copy of the order and it is such as testified to by the appellant. Appellant made application to continue the case on account of the absence of Freed and the original order which was refused. The diligence is complete and in our judgment the application for continuance should have been granted. Wood had testified positively that he had not signed an order directed to Freed for the cask of beer and had given only a receipt for a cask of "uno" at the time he received it from appellant. His testimony shows it was beer and not "uno." Appellant testified that it was an order which had been signed by Wood and sent to San Antonio by appellant and filled and the beer, in pursuance of that order had been shipped to Wood with other beer in care of appellant. Wood's evidence was made to appear that appellant was selling him direct, a cask of beer and taking his receipt for it as "uno." Under appellant's testimony, Wood had given an order to Freed for beer, appellant had forwarded it and that the beer had come in response to that order shipped to Wood in care of appellant. There could not have been a more direct contradiction in evidence than is here shown. Appellant had taken the precaution to have a copy of the order from Freed, which was rejected on the objection of State's counsel. He had done all in his power to have the testimony in regard to the order before the court. This testimony was very material. Viewed in the light of the record, we are of opinion that the court should have granted the continuance, and not having done so should have awarded a new trial to the end that appellant might have the testimony before the jury that Wood had signed the order for beer and had not given a receipt for "uno." This was important evidence for various reasons.

The court charged the jury as follows: "You are further charged if Dick Marsden, defendant, took an order from D. J. Wood for a cask of beer to be sent him from San Antonio, Texas, in care of said defendant or otherwise and that said beer was the beer delivered said Wood in this case, and same was paid for by said Wood at the time of or before the delivery of said beer to said Wood, the defendant

would not be guilty, and you should acquit him, but if you believe beyond a reasonable doubt that said beer was shipped said defendant by freight with other shipment of beer, and said beer was delivered to said Wood by said defendant and the price therefor was not collected at the time of or prior to said delivery, but was paid for to said defendant individually at some time subsequent to said delivery defendant would be guilty." Exception was reserved to this charge. Appellant asked the following special charge which was refused: "Gentlemen of the jury: You are instructed, as part of the law of this cause, that the defendant had a legal right to take orders for beer. Now, if you believe from the evidence herein, that the defendant Dick Marsden, took an order from D. J. Wood and sent said order to San Antonio, Texas, and had beer shipped to said D. J. Wood in care of said defendant, at Brady, Texas, and you further believe that said beer was received by and paid for by said Wood after it had been thus ordered for him by defendant then in that event you should find the defendant not guilty and so say by your verdict." We are of opinion the court's charge is erroneous. It is sometimes a little difficult to know definitely at what time or point the title to property under a contract passes, but the usual rule is that it passes when the contract is concluded. Downey v. Taylor, 48 S. W. Rep., 541. The intention of the parties entering largely into the matter, will govern as to what the contract is and where the title passes. The fact that goods are to be paid for in cash or by note on arrival does not prevent the title from passing. The time of payment may sometimes enter into the contract as determining the intention of the parties; at least, it may under some circumstances have some bearing, but the mere fact that the purchaser pays or does not pay for it, would not determine the rule as to where the sale was made, or determine the fact that it was or was not a sale. Parties may buy on credit as well as for cash. There seems to have been no stipulation in this contract as to when the payment should be made and in fact the witness Wood testified that he did not pay for what he purchased for sometime after receiving it. If Wood had ordered the beer from Freed at San Antonio and Freed had shipped the beer in pursuance to the order, there being no stipulation as to the time of payment, it would not effect the question of sale or the passage of the title to the property. If there had been a stipulation as to the time of payment, it might throw light upon the contention of the parties to that extent. That Wood did not understand it was a cash payment is made evident by his testimony. He says he received the beer, placed it in a hack and drove away, used it and sometime afterwards paid for it, and it is evident from the testimony that he did not send the money to San Antonio, or if there was an order given or not, it is evident from all the testimony there was no stipulation as to the time of payment. Under the rule laid down by the trial court in his charge, the local option law could be successfully evaded because under that rule a sale might be evaded

if the property is paid for in advance or at the time of receiving the intoxicant, and that only when paid for subsequently the sale would constitute a violation of said law. If this is correct the evasion of the local option law would be a very easy matter. We think the court was in error in charging as he did, and turned the scale against appellant upon a wrong criterion.

For the reasons indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*